UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JASON TIMOTHY ROONEY,

    Plaintiff,

v().

EAST COAST MECHANICAL, INC., a Florida for-profit corporation,

    Defendants.

_____/

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiff, JASON TIMOTHY ROONEY, ("ROONEY") by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, EAST COAST MECHAICAL, INC., a Florida for-profit corporation, (hereinafter "ECM"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, ECM was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate

Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, ECM operated a plumbing, heating, and air conditioning repair business. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce. As part of his employment, the Plaintiff handled plumbing supplies, air conditioners, pipes, wires, and a multitude of other materials that were manufactured outside the State of Florida.

4. Besides the Plaintiff, the Defendant had at least ten (10) other employees handling on a regular and recurrent basis, "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce. This included plumbing supplies, air conditioners, pipes, wires, and a multitude of other materials that were manufactured outside the State of Florida.

5. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

7. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

## **VENUE**

8. The venue of this Court over this controversy is based upon the following:

      a.      The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

      b.      Defendants were and continue to be a corporation doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, ROONEY was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, ECM was conducting business in Boynton Beach, Palm Beach County, Florida, with its principal place of business in that city.

11. At all times material hereto, Defendant, ECM was the employer of Plaintiff, ROONEY.

12. At all times material hereto, Defendant was and continues to be an "employee" within the meaning of the FLSA.

13. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, ROONEY his lawfully earned wages in conformance with the FLSA.

14. Defendant committed a willful, malicious and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

15. At all times material hereto, corporate Defendant, ECM was an "enterprise" engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, ROONEY was directly essential to the business performed by Defendant, ECM.

17. Plaintiff, ROONEY has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about April 4, 2019, Plaintiff, ROONEY was hired by the Defendants as a heating and air conditioning repairman at the Defendant's plumbing, heating, and air conditioning repair business. His employment ended in or about July 8, 2019.

19. Plaintiff, ROONEY was paid an hourly rate of $27.00 per hour, and sometimes commissions. The commissions were not figured into the calculations of Plaintiff's overtime pay.

20. The Defendants also automatically deducted hours from the Plaintiff's work time for meal breaks that the Plaintiff was unable to fully utilize or take.

21. Defendant knowingly and willfully operated its business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, ROONEY repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, ROONEY's employment with the Defendant was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. The Defendant, ECM failed to pay Plaintiff, ROONEY for all hours he actually worked by, among other things, making deductions for meal breaks which he did not have time to actually take.

26. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, ROONEY was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff, ROONEY intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

28. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, ROONEY at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

29. Defendant failed to properly disclose or apprise Plaintiff, ROONEY of his rights under the FLSA.

30. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, ROONEY is entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendant, Plaintiff, ROONEY has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ROONEY respectfully requests that judgment be entered in his favor against the Defendant:

    a.    Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: September 9, 2018.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
        PETER BOBER
        FBN:  0122955
        SAMARA BOBER
        FBN: 0156248